NICHOLAS HANSON, in equity, *vs.* HENRY M. BREWER and others.

Cumberland.    Opinion April 7, 1886.

*Will.    Executor.    Equity.*

A testator in his will authorized the executor to make such conveyances and disposition of his estate, as should, in the opinion of the executor, be

necessary to carry into effect the provisions of the will. *Held*, that such a power vests in the executor an authority to sell, limited only by his own judgment of what is necessary to carry into effect the provisions of the will, and by necessary implication it also vests in him the legal title.

Equity can not lend its aid to an effort knowingly and intentionally made to discourage and prevent purchasers from completing their purchases of such an executor.

On exceptions and report.

Bill in equity. The exceptions were to the ruling of the court in overruling a demurrer to the bill. After testimony was taken the presiding justice being of the opinion that the questions of law involved in the suit were of sufficient importance, with the consent of the parties, reported the case to the law court. The essential facts are sufficiently stated in the opinion.

*S. C. Strout, H. W. Gage* and *F. S. Strout*, for the plaintiff.

Under the provisions in the will, this estate vested in fee in the devisees, as tenants in common, subject only to be divested if the power of sale should be exercised under circumstances justifying it. The courts incline to treat the estate as vesting in the heirs or devisees, (who are identical in this case,) where there is no direct devise to trustees, unless the duties imposed upon the trustees (in this case the executors) are such as require them to be seized of the legal estate in order to execute their trust. *Deering* v. *Adams*, 37 Maine, 265 ; Perry on Trusts, § 511 a.

A devise to the executor to sell gives a power coupled with an interest ; but a devise directing executors to sell confers a power, without interest, and the fee vests in the devisees. *Fay* v. *Fay*, 1 Cush. 105 ; *Shelton* v. *Homer*, 5 Met. 462 ; *Larned* v. *Bridge*, 17 Pick. 339 ; Sugden on Powers, p. 106–111 ; 2 Burr, 1027 ; *Bergen* v. *Bennett*, 1 Caines' Ca. 16 ; Hill on Trustees, 236, 471 ; Perry on Trusts, § § 250, 251, 765.

A direction to "divide" would not imply a power of sale. Perry on Trusts, § § 765–766 ; *Taylor* v. *Benham*, 5 How. 269.

It follows that unless the power given in this will is legally executed, the title to the land was in the devisees, Smith's children. Hill on Trustees, 472 ; Perry on Trusts, § 765.

As the executor was not charged with any duty in managing the real estate, even if the legal estate had been in him, it would have been a dry trust, which under the statute of uses would be executed in the *cestuis que use*, and the title would be in them, subject to the power. Perry on Trusts, § § 520-521 ; Hill on Trustees, p. 231, note. 2.

When land descends to the heir or is devised, and a naked power of sale is given to an executor, as in this case, the heir or devisee is entitled to the profits and possession until the sale. *Seymour* v. *Bull*, 3 Day, 389 ; Perry on Trusts, § 769.

A power must be strictly executed or the conveyance fails. Perry on Trusts, § § 511 a, 511 b, 783, 784, 785, 789.

A purchaser from one selling under a power, must at his peril see that the power is legally executed. Perry on Trusts, § § 789,790.

He must at his peril ascertain whether the facts justify the execution of the power. Perry on Trusts, § § 224, 769.

In the case at bar, Brewer, the executor, in attempting to convey title to Cobb and Jacobs under this power, recites in his deed : " It being necessary, in my opinion, to carry into effect the provisions of said will, to make this conveyance, and for the purposes therein expressed." This is mere recital and not proof of the fact ; but it is not enough. His power authorized him to convey in trust, or to hold, if he believed the best interest of some one of the children would not be promoted by his coming into immediate or actual possession of his share. It was only in this contingency that he could convey, but in his deed he recites no such fact or belief. The deed therefore, on its face, is not full enough to be a good execution of the power, and it cannot be aided because the facts do not warrant it.

Whether the recital in this deed is sufficient or not, it does not conclude. *Stevens* v. *Winship*, 1 Pick. 325 ; *Minot* v. *Prescott*, 14· Mass. 496 ; *Larned* v. *Bridge*, 17 Pick. 339 ; Perry on Trusts, § § 224, 769 ; Sugden on Powers, 267 ; Hill on Trustees, 478, note 2.

A widow had power under a will to mortgage for her support. It was held that she could not mortgage for one thousand five

hundred dollars unless the whole amount was needed for her support. *Paine* v. *Barnes*, 100 Mass. 471.

Power to sell on contingency, sale cannot be made unless contingency happens. And that is a question of fact for the jury. If contingency has not happened, deed reciting the power is invalid. *Stevens* v. *Winship*, 1 Pick. 325 ; *Minot* v. *Prescott*, 14 Mass. 496 ; *Larned* v. *Bridge*, 17 Pick. 339 ; *Rathbun* v. *Colton*, 15 Pick. 486 ; *Johnson* v. *Battlle*, 125 Mass. 453.

In *Penniman* v. *Sanderson*, 13 Allen. 193, the sale was sustained, but the power authorized a sale if deemed expedient to raise money for any purposes of the will. The contingency on which sale may be made is a condition precedent, and must exist before a sale can be made. Sugden on Powers, 267 ; Hill on Trustees, 478, note 2.

If the power is to sell to invest in a particular way, the purchaser is bound to see to the application of the purchase money. Sugden on Powers, 268 ; *Doe* v. *Martin*, 4 Term R. 39.

The invalidity of the deed is not apparent on its face, hence equity has jurisdiction. *Briggs* v. *Johnson*, 71 Maine, 235 ; Daniel's Chancery, v. 3, p. 1961, note ; Story's Equity, vol. 1, § 700-711 ; *Hubbell* v. *Currier*, 10 Allen, 333 ; *Knight* v. *Maybury*, 48 Maine, 158 ; *Crooker* v. *Crooker*, 46 Maine, 250 ; *Chafee* v. *Bank*, 71 Maine, 529.

*Frank and Larrabee*, for the defendants, cited : *Brown* v. *Johnson*, 53 Maine, 248 ; *Pierce* v. *Faunce*, 47 Maine, 507 ; *Morse* v. *Machias W. P. Co.* 42 Maine, 119 ; Story's Equity Pleadings, § 76, c. (*n.* 4) § 87 and *n.* 6, and § § 73, 510, 245, 246 and 249 a.

Bill is demurrable because there was no written memorandum by either of these defendants to convey said real estate. *Walker* v. *Locke*, 5 Cushing, 90 ; *Ahrend* v. *Odiorne*, 118 Mass. 263 ; 1 Williams, Executors, 549 ; 2 Redfield, Wills, 122-3-4; Perry on Trusts, § 501 ; 2 Spence, 366 and 367 ; *Going* v. *Emery*, 16 Pick. 107 ; Perry on Trusts, § 224, 218 and 219 ; *Somes* v. *Brewer*, 2 Pick. 184 ; *Green* v. *Tanner*, 8 Met. 411 ; *Robbins* v. *Bates*, 4 Cush. 104 ; *Hoffman* v. *Noble*,

6 Met. 68; *Wyman* v. *Hooper*, 2 Gray, 141; *Spofford* v. *Weston*, 29 Maine, 140; *Roberts* v. *Bourne*, 23 Maine, 165; *Bates* v. *Norcross*, 14 Pick. 224; *Tilton* v. *Hunter*, 24 Maine, 29.

WALTON, J. This is a suit in equity. The contention is in relation to the title to real estate. One party claims title by a deed from the executor of Jonathan Smith. The other party claims title to thirteen-twentieths of the estate by deeds from four of Jonathan Smith's heirs. The defendants are Henry M. Brewer, the executor of Jonathan Smith, and George W. Cobb and Elias M. Jacobs, the purchasers from the executor. The plaintiff is the purchaser from the heirs. He contends that the heirs had authority to convey. But he contends further, that if the legal title was in the executor, and he alone had authority to convey, still the equitable and beneficial interest was in the heirs, and that he purchased from them with the knowledge and consent of the executor, and with a promise from him that the title should be made good. And he avers that at the time of the conveyance from the executor to Cobb and Jacobs, they knew of his purchase from the heirs and of the agreement of the executor to be bound by it. And he claims that under these circumstances the purchase of Cobb and Jacobs from the executor was fraudulent and collusive; and he asks that the deed to them may be cancelled and his title made good.

We think the relief prayed for can not be granted. The evidence shows clearly that Cobb and Jacobs were the first to bargain for the land, and that the plaintiff's efforts to obtain the title were made with a full knowledge of this fact. Their purchase was not an interference with his. His was an attempted interference with theirs.

There is no doubt that the legal title and the authority to convey were vested in the executor. It is well settled that an authority to sell, vested in an executor by the testator's will, vests in him the legal title also. *Richardson* v. *Woodbury*, 43 Maine, 206; *Deering* v. *Adams*, 37 Maine, 264.

Jonathan Smith's will authorized the executor to make such

conveyances and disposition of his estate, as should, *in the opinion of the executor*, be necessary to carry into effect the provisions of the will. Such a power vests in the executor an authority to sell limited only by his own judgment of what is necessary to carry into effect the provisions of the will; and, by necessary implication, as the cases cited will show, also vests in him the legal title. Having the legal title and authority to sell, the executor, by his deed to Cobb and Jacobs, conveyed to them a perfect title : and, under the circumstances disclosed by the evidence, there is no rule of law or equity which will justify the court in disturbing it. As already stated, Cobb and Jacobs were the first to bargain for the property. Their contract for the purchase of it was as complete as a contract for the purchase of real estate can be which is not reduced to writing and a deed for the conveyance of it not yet executed. The plaintiff's attempt to obtain a title through the heirs was an effort, knowingly and intentionally made, with a view, and with the intention if possible, to thereby discourage and prevent Cobb and Jacobs from completing their purchase from the executor. The court, sitting as a court of equity, can not lend its aid to render such an effort successful.

*Bill dismissed with one bill of costs for the defendants.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.